IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## ROY ALLEN BURCH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hawkins County**
**No. CR519      James E. Beckner, Judge**

---

**No. E2004-02365-CCA-R3-PC - Filed July 7, 2005**

---

The Appellant, Roy Allen Burch, appeals the Hawkins County Criminal Court's summary dismissal of his petition for post-conviction relief. In his petition, Burch seeks relief from his 1989 life sentence for aggravated rape. He contends that the sentence violates the recent Supreme Court decision in *Blakely v. Washington*, 524 U.S. __, 124 S. Ct. 2531 (2004), because the trial court applied enhancement factors not found by the jury in increasing his sentence. On appeal, Burch argues that the *Blakely* holding announces a new rule of law and is, thus, entitled to retroactive application in a post-conviction proceeding. After review, we conclude that the issue has been rendered moot by the recent Tennessee Supreme Court opinion, *State v. Edwin Gomez and Jonathan S. Londono*, No. M2002-01209-SC-R11-CD (Tenn. Apr. 15, 2004), *reh'g denied*, (May 18, 2005), holding that the Tennessee Sentencing Reform Act of 1989 is not violative of the Sixth Amendment right to a jury trial. Accordingly, the summary dismissal is affirmed.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Paul Whetstone, Mosheim, Tennessee, for the Appellant, Roy Allen Burch.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Kimberly L. Lane, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

On October 25, 1989, a Hawkins County jury convicted the Appellant of aggravated rape, a class X felony, for the digital penetration of his eleven-week old daughter. *State v. Roy A. Burch*, C.C.A. No. 130 (Tenn. Crim. App. at Knoxville, Dec. 6, 1990). The Appellant was subsequently sentenced pursuant to the Tennessee Criminal Sentencing Reform Act of 1982, as a persistent

offender, to a term of life in prison. *Id.* In determining the appropriate sentence, the trial court applied three enhancement factors: (1) the defendant has a previous history of criminal convictions; (2) the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; and (3) that defendant has a previous history of unwillingness to comply with conditions of a sentence involving release in the community. *Id.* The conviction and sentence were affirmed on direct appeal. *Id.*

The Appellant filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial and that his life sentence was so excessive that it constituted cruel and inhuman treatment. *Roy Allen Burch v. State*, No. 03C01-9202-CR-00053 (Tenn. Crim. App. at Knoxville, Aug. 5, 1992), *perm. app. denied*, (Tenn. 1992). After a hearing on the merits, the petition was denied, and the denial was affirmed by a panel of this court. *Id.* Next, the Appellant filed a *pro se* petition for writ of habeas corpus alleging that the conviction was void because the trial court lacked jurisdiction as the indictment did not properly allege a culpable mental state. *Roy A. Burch v. State*, No. 03C01-9610-CR-00391 (Tenn. Crim. App. at Knoxville, Jan. 16, 1998), *perm. app. denied*, (Tenn. 1998). The petition was summarily dismissed by the trial court, and the dismissal was affirmed on appeal. *Id.*[1]

The Appellant filed the instant petition for post-conviction relief on September 1, 2004, asserting as grounds: (1) ineffective assistance of counsel for failure to postpone the sentencing hearing until the 1989 Act became effective[2] and (2) that the recent decision of *Blakely v. Washington* should be given retroactive application, thus, entitling the Appellant to a new sentencing hearing. The post-conviction court summarily dismissed the petition, finding the petition to be time barred and that *Blakely* should not be applied retroactively. This appeal followed.

**Analysis**

On appeal, the Appellant raises the single issue of whether the *Blakely* decision should be given retroactive application. He asserts that if *Blakely* is given retroactive application then the decision would "compel an adjustment of the Appellant's sentence, which was based . . . upon at least one finding of fact made by the trial judge that the 'offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement.'"

---

[1] Additionally, on December 4, 1997, the Appellant filed a motion in the trial court alleging that his life sentence under the 1982 Sentencing Act should be recalculated pursuant to the 1989 Sentencing Act. *Roy A. Burch*, C.C.A. No. 03C01-9801-CC-00033 (Tenn. Crim. App. at Knoxville, Sept. 24, 1998), *perm. app. denied*, (Tenn. 1999). The trial court denied the motion, and the decision was affirmed on appeal. *Id.* The Appellant has also previously filed an application in the Davidson County Chancery Court arguing for a reduced sentence, which was also denied. *Roy A. Burch v. TN Dept. Of Correction*, No. 01-A-01-9712-CH-00702 (Tenn. App. 1999), *perm. app. denied*, (Tenn. 1999).

[2] In his brief, the Appellant concedes that this issue is without merit and withdraws it from the appeal.

This issue has been rendered moot by the Tennessee Supreme Court's recent decision in *Gomez,* No. M2002-01209-SC-R11-CD. The court found that the 1989 Sentencing Reform Act[3] "authorizes a discretionary, non-mandatory sentencing procedure . . . [which] sets out broad sentencing principles, enhancement and mitigating factors, and a presumptive sentence, all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature. Under the Reform Act, the finding of an enhancement factor does not mandate an increased sentence." *Id.* Accordingly, the court held that the Tennessee Sentencing Reform Act does not violate the Sixth Amendment guarantee of a jury trial and is, thus, not affected by the *Blakely* decision. *Id.* Thus, the Appellant is not entitled to relief.

Though rendered moot by the supreme court's decision that *Blakely* did not affect our current Sentencing Act, the Appellant's issue was also squarely addressed by the court. Our high court held that *Blakely* did not announce a new rule of law, was subject to plain error review, and that this "standard would not permit, much less require, *Blakely's* retroactive application in a post-conviction proceeding." *Id.* Moreover, a panel of this court had previously concluded that "retroactive application of the rule announced in *Blakely* to cases on collateral review is not required." *Issac Lydell Herron*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App. at Jackson).

## CONCLUSION

Based upon the foregoing, the Hawkins County Criminal Court's summary dismissal of the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[3] While the Appellant was sentenced under the 1982 Sentencing Act, we find the analysis would be the same, as the two Acts are virtually identical with respect to these issues.